IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHNNY BRADIN,

    Petitioner,

    v.                              CASE NO. 22-3032-JWL

UNITED STATES PROBATION
AND PRETRIAL SERVICES,

    Respondent.

**ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner challenges the calculation of his federal sentence. The Petition was filed on February 18, 2022. On that same date, the Court entered a Notice of Deficiency (Doc. 2), directing Petitioner to submit his Petition on court-approved forms and to either pay the filing fee or file a motion for leave to proceed in forma pauperis. Petitioner has paid the filing fee, but has not submitted a petition on court-approved forms. This matter is before the Court on Petitioner's Motion for Expedited Hearing (Doc. 3). Petitioner filed the motion on February 24, 2022, seeking an expedited hearing on February 25, 2022.

The Court, in its discretion, may apply the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, to habeas petitions filed under § 2241. *See* Rule 1(b), Rules Governing Habeas Corpus Cases. Rule 8 provides that "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." *Pittman v. Fox*,

766 F. App'x 705, 723 (10th Cir. 2019) (quoting *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004)).

Petitioner argues that his federal sentence will expire on February 28, 2022, and he will be forced to continue under illegal supervision after that date.  Petitioner seeks an evidentiary hearing, but fails to address what testimony would support his claim.  Petitioner should submit his petition on court-approved forms to enable the Court to screen the petition under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, to determine whether the petition is subject to summary dismissal or warrants a response from the Respondent.

The Court denies the motion for expedited hearing.  The Court finds that an evidentiary hearing is not warranted at this time.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for Expedited Hearing (Doc. 3) is **denied.**

**IT IS SO ORDERED**.

Dated February 24, 2022, in Kansas City, Kansas.

> S/  John W. Lungstrum
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE