IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHNNY BRADIN,

    Petitioner,

v.                                            CASE NO. 22-3032-JWL

UNITED STATES PROBATION
AND PRETRIAL SERVICES,

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is currently on supervised release. Petitioner challenges the calculation of his federal sentence. The Court finds that Petitioner has not demonstrated that he is in custody in violation of the Constitution or laws or treaties of the United States and denies relief.

**I. Facts**

The procedural background for Petitioner's case is set forth in the Tenth Circuit's opinion in *Bradin v. Thomas*, as follows:

> In 1975, Mr. Bradin was convicted in the United States District Court for the Western District of Missouri on federal bank robbery charges and sentenced to fifteen years' imprisonment. He was released on parole in 1980. Between January 1986 and July 1989, Mr. Bradin was arrested for three parole violations, which resulted in two additional terms of confinement. He was released on parole again in May 1991.
>
> In September 1992, the United States Parole Commission (USPC) issued a warrant for Mr. Bradin's arrest for parole violations based on charges in two separate criminal actions pending in Missouri state court. In a memorandum to the warrant, the USPC instructed that if Mr. Bradin was already in state custody (which he was), the warrant should not be executed, but a detainer should be placed instead. The USPC supplemented the warrant in 1993 with information regarding Mr. Bradin's convictions in

> Missouri state court, where he was sentenced to twenty-five years' imprisonment for his crimes in the two criminal actions.
> 
> In November 2018, after Mr. Bradin finished serving his state sentences, the United States Marshals Service executed the 1992 warrant that had been lodged as a detainer and took him into federal custody. He was initially housed at the Leavenworth Detention Center in Leavenworth, Kansas. Upon execution of the warrant, the USPC was authorized to revoke his parole and impose up to 1,602 days of confinement for his parole violations.

*Bradin v. Thomas*, 823 F. App'x 648, 651 (10th Cir. Aug. 13, 2020) (unpublished).

The United States Parole Commission ("USPC") revoked Petitioner's parole and ordered him to serve to the expiration of his sentence in Case No. 75CR50–W–2, in the Western District of Missouri, via its order dated August 21, 2019. (Doc. 7–1, at 2–5, Notice of Action dated August 21, 2019). The Federal Bureau of Prisons ("BOP") calculated that the remaining term of Petitioner's parole eligible sentence in Case No. 75CR50–W–2 would expire on March 22, 2023. *Id.* at 7. The computation shows a total term of 1602 days, the possibility of a total of 527 days of statutory good time credit, a Statutory Release Date of October 11, 2021, a "180 Day Date" of September 23, 2022, the Expiration Full Term Date of March 22, 2023, and an Actual Satisfaction Date by Mandatory Release of September 24, 2021. *Id.*

The BOP released Petitioner from confinement on September 24, 2021, because the USPC declined to grant him a parole date before the expiration of his sentence in Case No. 75CR50–W–2, but also because of the accrual of 527 days of statutory good time credits and the deduction of those days from the full-term date of his remaining sentence. In conjunction with Petitioner's release from prison, the USPC issued him a Certificate of Mandatory Release signed September 22, 2021, informing him that he would be supervised as if on parole pursuant to 18 U.S.C. § 4164 until September 23, 2022. (Doc. 7–1, at 14, Certificate of Mandatory Release).

On September 27, 2021, Petitioner submitted an administrative appeal to the USPC's National Appeals Board arguing that his sentence in Case No. 75CR50–W–2 had expired. (Doc. 7–1, at 16–17, Appeal). The USPC's National Appeals Board issued its order denying Petitioner's administrative appeal on October 18, 2021. (Doc. 7–1, at 22, Notice of Action dated October 18, 2021).

To date, the USPC has chosen not to initiate revocation proceedings against Petitioner, despite being informed by his supervising officer that he has committed violations of the terms of his mandatory release supervision. (Doc. 7–1, at 24–29, Violation Reports dated December 21, 2021, and January 7, 2022).

On February 18, 2022, Petitioner filed the instant petition under 28 U.S.C. § 2241, alleging that his sentence has expired in Case No. 75CR50–W–2 and he is being unlawfully supervised. (Doc. 1, at 3; Doc. 5, at 6.)

**II. Discussion**

    1**. Standard of Review**

To obtain habeas corpus relief, a petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S. C. § 2241(c)(3).

    **2. Sentence Computation**

Petitioner argues that the BOP improperly calculated his federal sentence and that he should no longer be under supervision. Petitioner believes that his good conduct time credits should apply to his term of mandatory release supervision. (Doc. 5, at 6; Doc. 5–1, at 1).

Respondent argues that the USPC has the authority to supervise Petitioner under mandatory release supervision until September 23, 2022. (Doc. 7, at 3–5.) Petitioner will complete his term of mandatory release supervision on September 23, 2022, and the USPC will

3

cease supervising him at that point, provided Petitioner does not violate the terms of supervision.

The USPC informed Petitioner that he would be supervised as if on parole until September 23, 2022, because 28 C.F.R. § 2.35(a) mandates that the USPC supervise a parole eligible inmate that was released due to the accrual of good time credits until the expiration of his sentence, less 180 days.  That provision provides in part as follows:

> A prisoner shall be mandatorily released by operation of law at the end of the sentence imposed by the court less such good time deductions as he may have earned through his behavior and efforts at the institution of confinement. If released pursuant to 18 U.S.C. § 4164, such prisoner shall be released, as if on parole, under supervision until the expiration of the maximum term or terms for which he was sentenced less 180 days. . . .

28 C.F.R. § 2.35(a).  Furthermore, 28 C.F.R. § 2.35(b) states:

> It is the [USPC's] interpretation of the statutory scheme for parole and good time that the only function of good time credits is to determine the point in a prisoner's sentence when, in the absence of parole, the prisoner is to be conditionally released on supervision, as described in subsection (a). Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.

28 C.F.R. § 2.35(b).

The Court of Appeals for the Tenth Circuit reviewed the validity of 28 C.F.R. § 2.35(b) in *Patterson v. Knowles*, 162 F.3d 574 (10th Cir. 1998). There, the Tenth Circuit determined that the USPC was entitled to *Chevron* deference and that "§ 2.35(b) is based on a 'permissible construction' of the good time statutes." *Patterson*, 162 F.3d at 576 (citing *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 843 (1984)); *see also Kmiecik v. Hudson*, Case No. 20-3219-JWL, 2020 WL 8669813, at *2 (D. Kan. Nov. 24, 2020) (citing *Garland v. Johnson*, 19-cv-53-P, 2019

WL 5106275, at *1 (W.D. La. Aug. 12, 2019) (stating that even if petitioner were entitled to additional GCT, "federal law provides that those credits could not be used either to shorten the period of his supervised release or to shorten the period of any future imprisonment [he] may be required to serve for violating the conditions of his release") (citing 28 C.F.R. § 2.35(b)) ("Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.")).

Petitioner has failed to show that he is entitled to a good conduct time credit that would allow him to be released from supervision prior to the expiration of his sentence, less 180 days. Petitioner has failed to demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S. C. § 2241(c)(3); *see Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) (citing *Walker v. Johnston,* 312 U.S. 275, 286 (1941) ("On a hearing [the § 2241 petitioner has] the burden of sustaining his allegations by a preponderance of evidence.")); *Espinoza v. Sabol,* 558 F.3d 83, 89 (1st Cir. 2009) ("[T]he burden of proof under § 2241 is on the prisoner.") (citations omitted); *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (the burden of proof was upon the petitioner); *Wilson v. Keffer*, Civil Action No. 08–1961, 2009 WL 1230020, at *4 (W.D. La. May 5, 2009) ("In order to state a claim for relief pursuant to 28 U.S.C. § 2241, a *habeas corpus* petitioner must allege and ultimately establish that he is in custody in violation of the Constitution and laws of the United States; and, the habeas petitioner has the burden of proof with regard to his claims for relief.").

**IT IS THEREFORE ORDERED BY THE COURT** that this petition for writ of habeas corpus is **denied**.

**IT IS SO ORDERED**.

**Dated April 19, 2022, in Kansas City, Kansas.**

                                        **S/ John W. Lungstrum**
                                        **JOHN W. LUNGSTRUM**
                                        **UNITED STATES DISTRICT JUDGE**